## COLTMAN v. COLGATE–PALMOLIVE–PEET CO.

### No. 7782.

Circuit Court of Appeals, Seventh Circuit.
March 31, 1942.

Casper W. Ooms, Roy Massena, Donald N. Schaffer, and Will Freeman, all of Chicago, Ill., for appellant.

Drury W. Cooper, of New York City, Louis Quarles, of Milwaukee, Wis., Arthur M. Hood, of Indianapolis, Ind., and Mason Trowbridge, of Jersey City, N. J., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

This appeal involves a patent which this court, in a previous suit between the same parties, held invalid.  104 F.2d 508.[1]

The patent here involved was issued on a divisional application, filed December 20, 1927, of an original application filed August 15, 1921.  It covers "soap flakes."

On the previous appeal (April 15, 1939), this court held the patent invalid because the original application did not support the divisional application.  Thereafter, plaintiff sought leave of this court, which was granted, to file in the District Court, a bill of review.  Upon the joinder of issue in the District Court, a trial was had, which resulted in dismissal of the suit.  Plaintiff, by this appeal, seeks a reversal of that decree.

The basis for the relief sought is newly-discovered evidence which showed or tended to show, so plaintiff alleges, that defendant offered false testimony on the original trial, which false testimony bore directly upon one of the determinative issues involved.

The District Court found plaintiff was diligent in discovering and bringing to the attention of the court the newly discovered evidence "except as to that which could have been elicited by cross examination on the former trial."

It also found:

"That a machine purporting to have been constructed in accordance with the teachings of plaintiff's patent was constructed in 1933 by the defendant, and was subsequently reconstructed, but was modified in many material parts on various different occasions.  Thus reconstructed and modified, the *ex parte* runs were made under the direction of Dr. Ferguson at Milwaukee, * * * September 25, 1935, * * * from which runs the product shown * * * in the previous trial, were produced.  Dr. Ferguson did not construct said machine in 1933, nor did he do the reconstructing and modifying * * * subsequent thereto.

[1] The story of the washing machine soap art may be found in this opinion and in another opinion by this court, reported in Colgate-Palmolive-Peet Co. v. Lever Bros. Co., 90 F.2d 178.

"That * * * (said) machine * * * was not constructed in accordance with the teachings of plaintiff's patent. It was not operated in accordance with its teachings, and the product produced on said machine was not the product disclosed in and by the Plaintiff's patent.

"(Said) * * * machine * * * was not, in fact, the same machine as that of which a photograph * * * was introduced in evidence on the former trial, and * * * a large reproduction (of which, was) * * * used for purposes of illustration by the defendant in its argument * * * (on appeal) * * * in the former case."

Particularly important and significant is finding 5. It reads:

"That Dr. Ferguson was in error in testifying that the product shown in Defendant's Exhibits 32 and 33, as referred to in Finding No. II, was produced by the machine illustrated by the chart marked Plaintiff's Exhibit A–118; that the machine which made the products shown in Defendant's Exhibits 32 and 33 was of crude, rough and temporary construction, but was of identical construction to the machine shown in the chart marked Plaintiff's Exhibit A–118. The machine shown in Plaintiff's Exhibit A–118 was constructed subsequent to the making of the products shown in Defendant's Exhibits 32 and 33 by the Stanek Tool Company in a skillful and workmanlike manner and it was so constructed and used for purposes of illustration, because it made a better looking and more presentable photograph than would a photograph of the machine on which was made the product shown in Defendant's Exhibits 32 and 33."

The colloquy of court and counsel indicates the basis of dismissal to be that the evidence—even though false or mistaken—was not a material factor in the disposition of the former appeal.

■ The question determinative of the propriety of the dismissal of the bill of review is the part which the Ferguson evidence played in our prior opinion. If such evidence were not a material and controlling factor in our conclusion, the bill of review was properly denied.[2]

The materiality and substance of the new evidence and its effect upon our prior determination of the invalidity of the divisional patent are stated in plaintiff's bill of review, as follows:

"* * * Plaintiff has discovered new matter * * * with reference to the proofs * * * concerning the said defendant's *ex parte* machine and the operation thereof, and with respect to the concealment by the defendant of material facts concerning the said machine and the operation thereof, in that the defendant * * * represented to this Court and to said Circuit Court of Appeals that its said witness, Ralph H. Ferguson, constructed said *ex parte* machine and operated the same in accordance with the process disclosed in the plaintiff's machine and process patent, and that he completely dried wet soap stock in a single passage of the belt through said machine with warm air of a temperature in the neighborhood of 145 degrees F., and that he thereby produced and exhibited in evidence in this cause a product allegedly made on said *ex parte* machine having radically different characteristics from the product produced by the plaintiff upon his machine at the *inter partes* demonstration thereof, *whereas in fact said Ferguson did not construct said machine but merely observed the operation thereof upon the occasion mentioned in his testimony, and said machine was first constructed and operated more than two years prior to the ex parte operation thereof, as to which said Ferguson testified, and was modified, changed and experimented with during said two year period by persons other than said Ferguson, and at all times said machine was operated at variance with the disclosures of plaintiff's machine and process patent* in that an inadequate spray nozzle was used and an air atomizing nozzle with pressure on the soap solution in a tank above the nozzle was used instead of a pump driving sprayer as disclosed in said patent, and in that when an attempt was

2 (Longsdorf, Cyclopedia of Federal Procedure, Sec. 1148, page 309, et seq.)

"The new matter of newly-discovered evidence relied on must be of a material and controlling character, such as would change the substantial equities between the parties, and sufficiently decisive of the merits to move the court in its discretion to allow the bill of review. It must be of a character so controlling that it would probably induce a different conclusion than that on which the former decision was based. It is not sufficient to warrant a bill of review, if * * * it would merely increase the doubt as to the real truth of the issues, or is immaterial, or merely cumulative, or inadmissible, or impeaching in character."

made to spray said soap stock the same was not aerated as disclosed in said patent, and in that said soap stock when placed on the belt of said machine, either by squirting through said nozzle or being whipped into a lather and placed on said belt by hand, was not dried in a single passage of the belt because insufficient heat was provided in said machine to so dry said soap stock."

A careful rereading of our opinion, rendered on the previous appeal, discloses, we think, the basis upon which the divisional patent was held invalid. It was—as shown by its language—beyond the scope of the parent patent, within whose boundaries it had to come in order to be a valid divisional application.

■ The *ex parte* run, on a machine allegedly constructed in accordance with the precise teachings of the patent, and following the process there described, had no influence upon our conclusion that the original patent application would not sustain the divisional application. It therefore follows that evidence relating to said experiment, whether false or true, would be irrelevant to the issue before us.

Indicative of the legal issue presented on the previous appeal are the following statements which appear in our opinion:

"A principal subject of controversy turns on whether the parent application is sufficiently broad to sustain the divisional application. * * *

"We are confronted at the threshold of this case with the defense that the plaintiff's divisional patent is void because its claims were not for 'the same invention' as was set forth and described in the original application and claims." * * *

"Are the claims of the divisional patent warranted by the disclosures of the original patent application?"

These are statements of the issue which determined the appeal. The opinion is devoted to quotations from the original application and comments thereon were made to show how the divisional application was beyond and outside the disclosure of said original application.

Another reason for reaching this conclusion is to be found in the fifth finding, heretofore quoted.

Concerning it, our first inquiry is as to its meaning. Counsel differ sharply as to its correct purport. Appellant argues that the second clause of the first sentence modifies the statement of line one, "that Dr. Ferguson was in error in testifying that * * *." In other words, he argues that the District Court found that Dr. Ferguson testified falsely in two respects, the one set forth in clause one, and also in the respect set forth in the second clause.

Appellee, on the other hand, contends that said finding should be construed so that the error in Dr. Ferguson's testimony be limited to the first clause, and that the second clause of the finding has nothing to do with the erroneous testimony referred to in the first line of the finding. In other words, the second clause was in explanation of the erroneous testimony,—that the exhibit referred to in the Dr. Ferguson testimony was not the machine which made the products shown by Exhibits 2 and 3; that these products were made by another machine which, although made in a more skillful and workmanlike manner, was similar in construction to the one which Dr. Ferguson erroneously identified as the machine which made the exhibited products.

We accept defendant's construction of this finding. The thought expressed in the second clause of the first sentence is not in accordance with Dr. Ferguson's testimony. It is in harmony with the court's explanation of the substance of his erroneous testimony. It is likewise in harmony with the second sentence of this finding. It is also in accordance with our view of the testimony.

■ Accepting this version as the proper construction of this finding, there was no such false testimony as would justify the vacation of the decree.

The decree is affirmed.